THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE WALTON GREEN, Relator, v. ROBERT A. VAN WYCK, Mayor of the City of New York, Respondent.

*Greater New York charter — right of the mayor to remove an aqueduct commissioner — it is not affected by section 518 of the charter.*

Under section 95 of the charter of Greater New York (Chap. 378 of the Laws of 1897), which by section 1608 thereof is made a continuation of section 1 of chapter 11 of the Laws of 1895, an aqueduct commissioner, appointed under the provisions of section 1 of chapter 490 of the Laws of 1883, as amended by section 1 of chapter 584 of the Laws of 1888, may be removed by the mayor at pleasure within six months after the commencement of the mayor's term of office, and the right of the mayor to exercise this power is not affected by section 518 of the charter, providing that "the term of office of the commission appointed and existing under the aforesaid act shall cease and determine on the first day of January, nineteen hundred and one," as such latter act relates to "the term of office of the commission" and not to the term of office of the individual commissioners.

CERTIORARI issued out of the Supreme Court and attested on the 26th day of April, 1898, directed to Robert A. Van Wyck, mayor of the city of New York, commanding him to certify and return to the office of the clerk of the county of New York all and singular his proceedings in relation to the removal of the relator, George Walton Green, from his office of aqueduct commissioner of the city of New York.

*Elihu Root,* for the relator.

*Theodore Connoly,* for the respondent.

INGRAHAM, J.:

The relator was appointed one of the aqueduct commissioners in pursuance of the provisions of section 1 of chapter 490 of the Laws of 1883, as amended by section 1 of chapter 584 of the Laws of 1888. It is therein provided that the mayor, the comptroller and the commissioner of public works of the city of New York, and four competent persons who shall be appointed within ten days after the passage of this act by the mayor of the city of New York, " are hereby authorized, empowered and directed to carry out the provisions of this act, in the manner hereinafter provided, for the purpose of supplying said city with an increased supply of pure and wholesome water. They shall be known as the Aqueduct Commissioners." By section 37 of the said act, as amended by section 2 of chapter 584 of the Laws of 1888, it is provided that "If any of said Aqueduct Commissioners, other than those named by the titles of their respective offices, shall resign, die, or become legally disqualified or be removed the vacancy, so caused, shall be filled by appointment by the mayor of the city of New York.    *    *    * Any of said Aqueduct Commissioners appointed by the mayor, or his or their successor or successors, may be removed by the mayor, subject to the approval of the Governor, in the manner provided for the removal of heads of departments of the government of the city of New York by chapter four hundred and ten of the laws of eighteen hundred and eighty-two." Section 108 of the Consolidation Act (Chap. 410, Laws of 1882) prescribes the manner in which the heads of the departments of the city of New York may be removed, limits the power of removal by the mayor to a removal for cause, and after opportunity to be heard, and makes such removal subject to the approval of the Governor.

The relator was appointed an aqueduct commissioner on February 14, 1895, by the mayor of the city of New York, to fill a vacancy caused by the resignation of Francis M. Scott, who was originally appointed under section 1 of the act of 1888 before cited. On the 1st day of January, 1898, the respondent, the present mayor of the city of New York, removed the relator from the said office of

. PEOPLE ex rel. GREEN *v.* VAN WYCK. 575

App. Div.] First Department, November Term, 1898.

aqueduct commissioner without preferring charges against him or giving him an opportunity to be heard, and without the approval of the Governor. The relator claims that such removal by the mayor was illegal, and in violation of the act of 1883 as amended.

By section 1 of chapter 11 of the Laws of 1895, it was provided that, at any time within six months after the commencement of his term, the mayor of the city of New York, elected for a full term, may, at pleasure, remove from office any public officer now or thereafter holding office by appointment from the mayor of said city, except judicial officers for whose removal other provision was made by the Constitution ; and by section 3 of the act it was provided that all acts or parts of acts inconsistent with the act were thereby repealed. This relator was a public officer holding office by appointment from the mayor of the city of New York. Whether he was an officer of the municipality, or one upon whom duties other than those relating to the municipality conferred upon him by the State were devolved, he held office by appointment from the mayor of the city of New York. He was subject to removal by the mayor at pleasure, within six months after the commencement of the mayor's term of office, and the provisions of the act of 1883, and the acts amendatory thereof which were inconsistent with this power of the mayor to remove at pleasure within six months after the commencement of his term, were repealed by the act of 1895. Thus, when the charter (Laws 1897, chap. 378) took effect, this act of 1883 and the several acts amending it were subject to the provisions of chapter 11 of the Laws of 1895, and neither the act of 1883 nor the act of 1895, which together provided for the appointment and removal of the relator, were repealed or in anywise affected by the provisions of the charter, but the said act and its amendment, and the act modifying it, were to remain in full force and effect. The act of 1895 being in force at the time the charter took effect, was in substance re-enacted by section 95 of the charter. It is there provided that, " At any time within six months after the commencement of his term of office *the mayor*, elected for a full term, may, whenever in his judgment the public interests shall so require, *remove from office any public officer holding office by appointment from the mayor*," with certain exceptions, none of which applied to the office held by the relator ; and by section 1608 it is provided

that, "So far as the provisions of this act are the same in terms or in substance and effect as the provisions of the said consolidation act, or of other acts of the Legislature now in force relating to or affecting the municipal and public corporations, or any of them herein united and consolidated, this act is intended to be not a new enactment, but a continuation of the said consolidation act of eighteen hundred and eighty-two, and said other acts, and is intended to apply the provisions thereof as herein modified to The City of New York as herein constituted, and this act shall accordingly be so construed and applied." By virtue of this provision in section 1608, section 95 of the charter was a continuation of chapter 11 of the Laws of 1895; and this section continued the power of removal as to all officers who held office under appointment of the mayor of the city of New York. Thus, the power to remove all such officers was continued in the mayor of the new city, so that within six months after the commencement of his term of office the mayor had the power to remove the relator whenever in his judgment the public interests required; and after the expiration of the six months had power to remove for cause, upon charges being preferred and after an opportunity to be heard, subject to the approval of the Governor; and when section 518 of the charter took effect it was the act of 1883 as it existed upon the 1st day of January, 1895, which was continued, and the charter was subject to the provisions of the act of 1895, and the act amending it and to the power given by the act of 1895 to the mayor, continued by section 95 of the charter. The provision of section 518 of the charter, providing that " *The term of office of the commission appointed and existing under the aforesaid act shall cease and determine on the first day of January, nineteen hundred and one,*" does not affect the power of the mayor given by section 1 of the act of 1895 and section 95 of the charter, to remove any one of the commissioners within six months after the commencement of his term. The language used is " the term of office of the commission," and not the term of office of the individual commissioners. It was a provision that upon a date fixed the commission itself should be abolished, and it did not relate to the appointment or removal of the individual commissioners, or limit the power of the mayor expressly conferred by the act of 1895 and section 95 of the new charter, to remove the commissioners. The language used in section 95 is very broad, including every

public officer holding office by appointment from the mayor, with the exception of the members of the school boards and judicial officers; and we do not think that the Legislature intended to restrict, by another section, this duty, imposed upon the mayor, which did not in terms refer to the appointment or removal of officers. As was said by Mr. Justice Cullen, in delivering the opinion of this court in the second department, in *People ex rel. Baird* v. *Nixon* (32 App. Div. 513): "It, therefore, follows that the relators fell within the words of the statute, and that the mayor was authorized to remove them unless it can be established that, by fair intendment, this legislation was not meant to cover their cases. The language being comprehensive, the burden is on those who assert the exception to prove it."

Counsel for the corporation also takes the objection to this writ that it will not lie, as the object of the proceeding is to try the title to an office, and that the incumbents cannot be deprived of their office without their day in court. As, however, we have come to the conclusion that the mayor had power to remove the relator, it is not necessary to pass upon this point.

For the reasons given, we think the proceeding should be affirmed and the writ dismissed, with costs.

Van Brunt, P. J., Barrett and McLaughlin, JJ., concurred; Rumsey, J., dissented.

Proceeding affirmed and writ dismissed, with costs.